IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| ESTATE OF DONNA MAYES by ) | |
| EDDIE MAYES, EXECUTOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:10-CV-103 |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

This is an action for judicial review, pursuant to 42 U.S.C. § 405(g), of defendant Commissioner's final decision denying plaintiff's claim for disability insurance benefits.[1] For the reasons provided herein, defendant's motion for summary judgment [doc. 12] will be granted, and plaintiff's motion for judgment on the pleadings [doc. 10] will be denied. The final decision of the Commissioner will be affirmed.

I.

*Procedural History*

Plaintiff applied for benefits in May 2008, claiming to be disabled by liver and pancreas diseases, respiratory problems, and depression. [Tr. 88, 102]. She alleged a

---

[1] The claimant died on March 25, 2010. This appeal is brought by the executor (her husband) on behalf of the estate.

disability onset date of July 1, 2007, which was allegedly the last day she worked due to - in her own words - pain, depression, and "heavy drinking and drug use." [Tr. 88, 102]. Plaintiff's claim was denied initially and on reconsideration. She then requested a hearing, which took place before an Administrative Law Judge ("ALJ") in August 2009.

The following month, the ALJ issued a decision denying benefits. He concluded that plaintiff suffered from the severe impairments of liver disease, cirrhosis, arthritis, and depression, but that these conditions did not meet or equal any impairment listed by the Commissioner. [Tr. 13-14]. The ALJ found plaintiff's subjective allegations to be overstated [Tr. 16], and he concluded that plaintiff retained the residual functional capacity ("RFC") to perform simple work at the medium level of exertion. [Tr. 15]. Citing vocational expert testimony, the ALJ further concluded that a significant number of jobs exist in the national economy to accommodate plaintiff's RFC. [Tr. 18]. Plaintiff was accordingly deemed ineligible for benefits.

Plaintiff then sought review from the Commissioner's Appeals Council. Review was denied on March 9, 2010. [Tr. 1]. The ALJ's ruling therefore became the Commissioner's final decision. *See* 20 C.F.R. § 404.981. The present complaint is timely and has properly been brought before this court for review. *See* 42 U.S.C. § 405(g).

II.

*Applicable Legal Standards*

This court's review is confined to whether the ALJ applied the correct legal standards and whether his factual findings were supported by substantial evidence. 42 U.S.C. § 405(g); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). Nonetheless, the court must take care not to "abdicate [its] conventional judicial function," despite the narrow scope of review. *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 490 (1951).

A claimant is entitled to disability insurance payments under the Social Security Act if she (1) is insured for disability insurance benefits, (2) has not attained retirement age, (3) has filed an application for disability insurance benefits, and (4) is under a disability. 42 U.S.C. § 423(a)(1). "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423 (d)(2)(A). Disability is evaluated pursuant to a five-step analysis summarized by the Sixth Circuit as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters*, 127 F.3d at 529 (citing 20 C.F.R. § 404.1520). Plaintiffs bear the burden of proof at the first four steps. *See Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *See id*.

III.

*Analysis*

In this appeal, the executor claims that there were several errors in the administrative proceedings below. The court will address these issues in turn.

A. <u>Substance Abuse / Subjective Complaints</u>

Plaintiff "was a daily drinker of a quart of alcohol per day for many years." [Tr. 266]. As for abusing narcotics, plaintiff once commented, "I have done it all." [Tr. 285]. According to the appellant, the ALJ unduly relied on these facts in denying benefits.

The appellant first criticizes the following sentence contained in the ALJ's opinion: "During her hospital stay at Lakeway Regional Hospital in April of 2008, the claimant was assessed with alcoholic cirrhosis, alcoholic hepatitis, alcoholic pancreatitis and alcohol abuse . . . , which not only indicated that the claimant's conditions were subsequent to alcohol dependence but also suggested that the claimant's condition would improve in the absence of alcohol abuse." [Tr. 16]. According to the appellant, "There is nothing in the treatment notes to 'suggest' that Mrs. Mayes' condition would improve at all in the absence of alcohol."

However, the records of Lakeway Hospital and other providers make clear that the majority of plaintiff's complaints were related to her multi-substance abuse. [Tr. 236, 264, 266, 324, 327, 405]. On July 9, 2008, Dr. Michael Ellis (a specialist in gastroenterology and hepatology) wrote, "Ms. Donna Mayes is a 51-year-old female with a history of alcohol

5

related pancreatitis. . . . I have encouraged her to remain abstinent to reduce the likelihood of recurrent pancreatitis." [Tr. 264]. <u>Pancreatitis was one of the conditions upon which plaintiff based her claim for disability</u>. [Tr. 102]. The appellant's argument - that plaintiff's organ disease and mental health would not have improved in the absence of substance abuse - utterly defies common sense.

The appellant goes on to argue that the ALJ failed to determine plaintiff's vocational capacities independent of her multi-substance abuse, in violation of 20 C.F.R. § 404.1535. The appellant is incorrect. The ALJ reached his RFC conclusions in reliance on the Mental and Physical RFC Assessments of record. [Tr. 15, 17, 278-83, 322-24, 345-50]. With the exception of a consultative mental examination to be discussed in section III(E) of this opinion, these were the only vocational opinions in the file. The RFC Assessments expressly speak to plaintiff's abilities in the absence of substance abuse. [Tr. 324, 350]. There was no error.

Plaintiff's unfortunate drug and alcohol consumption is relevant on one other point. Ultimately, the present appeal criticizes the ALJ for not crediting plaintiff's subjective complaints. Had the ALJ completely believed plaintiff's representations, VE testimony would have supported a finding of disability. [Tr. 41]. The record pertaining to plaintiff's substance abuse helps explain why the ALJ found her less than credible. The court notes:

1. Plaintiff testified and stated that she had consumed no alcohol since approximately May 2008. [Tr. 23, 261]. Elsewhere, however, she claimed to have stopped drinking in May 2007 [Tr. 208] or June 2008. [Tr. 264]. Despite these varied representations, plaintiff sought medical care on August 20, 2008, for abdominal pain that "[b]egan after drinking four beers today." [Tr. 291]. By September 2008, plaintiff again denied recent alcohol use. [Tr. 326].

2. In June 2007, plaintiff told Dr. Todd Peters that her drinking had increased since her mother's February 2007 death. [Tr. 208]. However, in April 2007, plaintiff had told Dr. Peters that it was "rare" for her to consume alcohol. [Tr. 224].

3. Plaintiff testified under oath that she stopped drinking on her own when she reconciled with her husband, referring to him as her "rock." [Tr. 24-25]. However, to Dr. Bojidar Dolaptchiev in April 2008, she *blamed* her husband for her heavy alcohol consumption during the prior eight months. [Tr. 235]. Plaintiff also told Dr. Dolaptchiev that her mother's death was another trigger for her substance abuse but she now claimed that her mother had died in *September* 2007 rather than February. [Tr. 235]. Plaintiff and her husband were consuming a half-gallon of liquor every other day and she was noted to have an "alcohol odor." [Tr. 235-36]. Plaintiff reconciled with her husband in August or September 2007 [Tr. 197, 235, 285].

4. In April 2008, plaintiff told Dr. Dolaptchiev that she had a cocaine injection habit which ended in the early 1970s. [Tr. 235]. Plaintiff apparently did not disclose to Dr. Dolaptchiev that she had been smoking approximately $100.00 of crack cocaine per day at least from February to September 2007. [Tr. 285, 405].

5. Plaintiff claimed in part to be disabled by worsening shortness of breath [Tr. 144, 181], yet she continued to smoke at least one pack of cigarettes per day. [Tr. 26].

6. Plaintiff testified that she was disabled primarily by pain. [Tr. 25]. However, she admitted that pain medication improved her condition when taken as prescribed, yet she acknowledged that she did not take her medication unless it was "absolutely necessary and I know I'm going to have to be up and be out and be physical." [Tr. 25-26]. Plaintiff claimed to be unable to afford certain necessary medications costing in the 20 to 35 dollar range [Tr. 149], yet she could afford a pack of cigarettes and a liter of cola per day. [Tr. 285].

7

As these inconsistencies illustrate, there was ample cause for the ALJ to find that plaintiff was a less-than credible source of information. To the extent that it is now argued that the ALJ erred in his credibility determination, that argument is rejected.

### B. Light v. Medium Work

According to the VE's testimony, most of plaintiff's past relevant work was at the light level of exertion. [Tr. 39]. The ALJ concluded that plaintiff could not perform her past (mostly light) relevant work yet went on to conclude that plaintiff could do other jobs at the higher medium level of exertion. The appellant contends that these conclusions cannot be reconciled. If plaintiff could no longer perform light work, the argument goes, then she should have been instead placed at the lower *sedentary* level of exertion. On its face, this argument has definite allure, but that allure fades after a careful reading of the record.

Explaining his conclusion regarding past relevant work, the ALJ wrote, "The vocational expert *did not indicate* that a person with the claimant's medical/vocational/educational profile who is able to perform simple, medium work would be able to perform the claimant's past relevant jobs. Accordingly, the claimant is unable to perform past relevant work." [Tr. 17] (emphasis added). The ALJ's explanation accurately portrays what took place in the administrative proceeding. The hearing transcript shows that the ALJ failed to ask the VE whether or not plaintiff could return to her past relevant work. Therefore, there was no proof on this point and thus no grounds for the ALJ to deny the claim

8

at step four of the sequential evaluation process (past relevant work). Because of what the VE "did not indicate" (because she was never asked the question), plaintiff received the benefit of the doubt and her claim was allowed to proceed to step five. Any error below was an error in her favor.

## C. Dr. Kouser

It is next alleged that the ALJ erred by disregarding Dr. Aqueel Kouser's "assessment of" fibromyalgia. It is also alleged that the ALJ disregarded Dr. Kouser's records "pointing to" other severe impairments. [Doc. 11, unnumbered p. 8].

Addressing first the issue of fibromyalgia, that condition is diagnosed by "(1) the testing of a series of focal points for tenderness and (2) the ruling out of other possible conditions through objective medical and clinical trials." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 244 (6th Cir. 2007). Dr. Kouser (a rheumatologist) conducted focal point testing on February 6, 2009, and that testing was <u>*negative*</u>. [Tr. 354]. Inexplicably, however, that same day he wrote "[s]he hurts because of fibromyalgia." [Tr. 354].

Assuming *arguendo* that it was error not to discuss Dr. Kouser's fibromyalgia notation, the error was harmless. It is harmless error for an ALJ to disregard a medical opinion that is so patently deficient that no reasonable fact-finder could have credited it. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004). Dr. Kouser's "assessment of" fibromyalgia on the very same day that his testing had shown the *absence of* that condition certainly could be described as a "patently deficient" opinion. *See also* 20 C.F.R.

§ 404.1527(d)(3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion. The better an explanation a source provides for an opinion, the more weight we will give that opinion."); *Vance v. Comm'r of Soc. Sec.*, 260 F. App'x 801, 806 (6th Cir. 2008) ("a *diagnosis* of fibromyalgia does not automatically entitle [the claimant] to disability benefits . . . . Some people may have a severe case of fibromyalgia as to be totally disabled from working . . . but most do not and the question is whether [claimant] is one of the minority.") (emphasis in original) (citation and quotation omitted).

As for the argument that Dr. Kouser's records "pointed to" other severe conditions, the appellant does not explain which conditions those are or how they would have limited plaintiff's vocational capacity. [Doc. 11, unnumbered p. 8]. The argument is therefore waived. *See Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006); *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997).

D. Dr. Misra

The ALJ relied in part on a Physical RFC Assessment completed by Dr. Reeta Misra. In unfortunately imprecise shorthand, the ALJ summarized that physician's conclusions in material part as follows: "Dr. Misra opined that the claimant was able to perform medium work and to sit/stand/walk six hours of an eight-hour workday." [Tr. 17]. This wording was consistent with the ALJ's RFC finding that "the claimant has the residual functional capacity to perform the full range of simple, medium work . . . as well as

sit/stand/walk six hours of an eight-hour workday." [Tr. 15].

The appellant has seized on the ALJ's shorthand ("sit/stand/walk six hours") as evidence of disability, interpreting it as a prediction that plaintiff could sit, stand, and walk *in combination* for a mere six hours per day. If that were the case, it is argued, then plaintiff should have been found disabled because she did not have the ability to engage in these activities for a full eight-hour workday.

The appellant's argument "simply fails the straight face test." *Coffey v. Dowley Mfg., Inc.*, 187 F. Supp. 2d 958, 977 (M.D. Tenn. 2002). Dr. Misra's assessment shows that the physician predicted that plaintiff could sit for approximately six hours per workday *and* that she could also stand and/or walk for approximately six hours per workday. [Tr. 346]. The ALJ's imprecise wording was not evidence of disability. Dr. Misra's report and conclusions speak for themselves. There was no error.

### E. Dr. Nevils

Clinical psychologist Roy Nevils performed a consultative examination on August 13, 2008. [Tr. 284]. Wechsler Memory Scale testing led Dr. Nevils to conclude that plaintiff "would be expected to have marked difficulties with memory and possibly concentration in a competitive job circumstance." [Tr. 287]. Dr. Nevils' report was colored by plaintiff's misstatement that her alcohol abuse was in remission. [Tr. 287].[2]

---

[2] As noted above, plaintiff sought medical care for beer-induced abdominal pain a mere seven days after the consultation with Dr. Nevils. [Tr. 291].

11

The appellant correctly notes that the ALJ did not address, adopt, or explain the rejection of Dr. Nevils' opinion as it pertained to memory. The ALJ did note Dr. Nevils' assessment regarding concentration, but not memory. [Tr. 17].

The court deems this error harmless. Frances Breslin, Ph.D. completed a Mental RFC Assessment in August 2008, and that assessment was considered by the ALJ [Tr. 15], along with a subsequent counseling intake form indicating normal mental functioning (in the absence of substance abuse). [Tr. 17, 404]. Dr. Breslin reviewed Dr. Nevils' report along with other record evidence. [Tr. 320]. Dr. Breslin opined that plaintiff's concentration and memory would be no more than moderately limited (in the absence of substance abuse). [Tr. 322-24].

The failure to address a medical source opinion may be deemed harmless if:

1. The medical opinion was so patently deficient that no reasonable fact-finder could have credited it;

2. The ALJ elsewhere adopted the opinion;

3. An earlier decision by the ALJ adequately addressed the issue; or

4. The ALJ's reasoning could be inferred from his overall discussion of the condition.

*Wilson,* 378 F.3d at 547; *Hall v. Comm'r of Soc. Sec.*, 148 F. App'x 456, 462-66 (6th Cir. 2005). Arguably, the ALJ's reasoning could be inferred from his adoption of Dr. Breslin's conclusions as that source had considered Dr. Nevils' report. Arguably, Dr. Nevils' opinion was "patently deficient" because it appears he had been mislead regarding plaintiff's

12

continued alcohol consumption. Most importantly, however, the ALJ in fact elsewhere adopted Dr. Nevils' memory restrictions by limiting plaintiff to "simple" work. *See Parks v. Soc. Sec. Admin.*, No. 09-6437, 2011 WL 867214, at *10 (6th Cir. Mar. 15, 2011) (Consultant's prediction of limited memory was sufficiently accounted for by a restriction to jobs with "no 'more than simple instruction.'"). For this reason alone, any error was harmless.

## F. Conclusion

The administrative record contains some objective indication of conditions that could reasonably be expected to cause some pain or limitation. The ALJ credited that evidence in restricting plaintiff's RFC to a range of simple, medium work. The record does not contain sufficient objective documentation to render that decision unsupported by substantial evidence. The final decision of the Commissioner will accordingly be affirmed. An order consistent with this opinion will be entered.

ENTER:

                                                    s/ Leon Jordan
                                       United States District Judge